**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

AVANTI PRESS, INC., Plaintiff,

v.

MICHAEL QUACKENBUSH, individually, and d/b/a Shaggy Dog Press, Defendant.

Case No.

Honorable

---

Ralph R. Safford (P24633)
SAFFORD & BAKER PLLC
40900 Woodward Ave., Suite 275
Bloomfield Hills, MI 48304
(248) 646-9100
*Attorney for Plaintiff*

Lincoln D. Bandlow
LATHROP & GAGE LLP
1888 Century Park East, Suite 1000
Los Angeles, CA 90067
(310) 789-4600
*Co-Counsel for Plaintiff*

---

## COMPLAINT

Plaintiff Avanti Press, Inc. ("Avanti") by and through its counsel, states as follows:

## SUMMARY

This case involves the improper conversion of extremely valuable creative property belonging to Avanti Press by its trusted and long time member of senior management and the former head of the creative department, Michael Quackenbush, who has extensively used Avanti exclusively owned creative property to create his own line of greeting cards and other products. In addition, he has infringed Avanti's copyright in connection with some of the images he has incorporated in his competing products. Avanti has brought this action to prevent Quackenbush from infringing Avanti's copyrights, disregarding his contractual commitment to Avanti, breaching his fiduciary duty to Avanti and unfairly competing with it.

## THE PARTIES

1. Avanti is a Michigan corporation with its principal place of business in Detroit, Michigan. Since 1980 and to the present, Avanti has been engaged in the business of conceptualizing, designing, creating, printing, marketing and distributing humorous photographic greeting cards and other products containing such images, primarily in full color, throughout the United States and elsewhere in the world.

2. On information and belief, Defendant Michael Quackenbush ("Quackenbush") is an individual domiciled in North Carolina. On information and belief, he is engaged in the production of visual images and related text for use in, among other things, greeting cards, some of which are licensed or sold to Leanin' Tree, Inc., a competitor of Avanti, either directly or through Shaggy Dog Press, which on information and belief is the "doing business as" name of Quackenbush.

## JURISDICTION AND VENUE

3. This action is for copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.* and various related state law claims.

4. This Court has original subject matter jurisdiction over Plaintiff's copyright claims under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has supplemental subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a).

6. This Court also has original subject matter jurisdiction of the state law claims under 28 U.S.C. § 1332 because the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. This Court has personal jurisdiction over Quackenbush because: (a) Quackenbush has transacted business within the State of Michigan and has purposefully availed himself of the privilege of conducting business in Michigan; (b) because Avanti's causes of action arise out of Quackenbush's activities in or affecting Michigan; and (c) because the acts of Quackenbush have a substantial enough connection with Michigan such that the exercise of jurisdiction over Quackenbush is fundamentally fair.

8.    Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b) because Avanti resides in this District and - a substantial part of the events or omissions giving rise to the claims complained of herein occurred in this District.

## GENERAL ALLEGATIONS

9.    Quackenbush was employed by Avanti for 23 years, from 1987 to 2010. For the last 20 of those years, Quackenbush was a member of Avanti's senior management team. From September, 1990 to June, 1993, Quackenbush was Avanti's Vice President of Creative. In June 1993, Quackenbush's title became that of Avanti's overall Creative Director. In 2000, at Quackenbush's request, he relocated from being headquartered in Avanti's New York office to a home office in North Carolina. In 2009, and at his request, Quackenbush became a part-time employee of Avanti, remaining its Creative Director until he voluntarily terminated his part-time employment in November, 2010. Thereafter, he worked intermittently as an independent contractor for Avanti on various projects until September, 2011.

10.    While Vice President of Creative and/or Creative Director, Quackenbush participated in and contributed substantially to the creation, advancement, research, definition, refinement, improvement, promotion, marketing and protection of Avanti's greeting card and other products and Avanti's brand.

11.    In that capacity, Quackenbush led and/or substantially contributed to the collective effort to create an inventory of a minimum of 10,000 creative concepts, ideas, images, texts, designs, published products and other creative output and a collection of creative concepts, methods and processes in design, versing and visual element composition and arrangement which together comprise extremely valuable intellectual property exclusively owned by Avanti and constitute the creative core of Avanti's entire product line and brand (the "**Avanti Creative Property**").

12.    During Quackenbush's over 20-year tenure with Avanti, Avanti paid him an estimated $2.5 million dollars to provide leadership and participate in developing the Avanti Creative Property.

13.    During this same period, Avanti spent upwards of $20 million dollars in creative department costs in developing the Avanti Creative Property.

14.    While Vice President of Creative and/or Creative Director, Quackenbush:

   a. Was involved in the conceptualization, creation, market research and selection of virtually all images, verse and other content for all greeting cards published by Avanti, and in many cases was either the concept originator or the art director of Avanti's published cards;

   b. Was involved in virtually all creative review sessions with Avanti's creative department and his input and direction was instrumental in the process by which concepts created by Avanti personnel ultimately became published greeting cards;

   c. Both personally, and as an overseer, participated in executing licensing agreements with contributing photographers, obtaining copyright registrations covering Avanti images, and monitored and enforced compliance with the procedures governing the protection of Avanti's intellectual property and its confidential and proprietary documents and information, including its proprietary creative greeting card concepts and designs; and

   d. Participated instrumentally in senior management meetings and decisions involving, and was privy to, Avanti's confidential and proprietary financial, product development, marketing, branding, merchandising design, sales, strategic planning, budgeting, competitive analysis, and pricing information.

15.   While working part-time during 2009 and 2010, Quackenbush continued to participate in most meetings in which image and text concepts were reviewed and approved or rejected, and was furnished with or had direct access to virtually all Avanti greeting card concepts and published cards.

16.   On information and belief, in August, 2009, Quackenbush applied for registration with the United States Trademark Office the name "Shaggy Dog Press", claiming that he first used this tradename in commerce in August, 2009 (which was a period of time when Quakenbush was still an Avanti employee) in connection with a class of goods, including greeting cards, which is the class of goods registered for the Avanti trademarks. This was unknown to Avanti until February, 2013.

17.   On information and belief, and unknown to Avanti until February, 2013, while Quackenbush was working for Avanti, and had access to Avanti's inventory of image and/or greeting card concepts and published greeting cards, Quackenbush was creating concepts and/or

4

photographic images for or on behalf of himself or Leanin' Tree or others, for the purpose of establishing a line of photographic greeting cards and other products similar in creative content to Avanti's well-established brand of humorous photographic greeting cards, or which otherwise utilized Avanti Creative Property.

18. On information and belief, in 2012 and continuing in 2013, Quackenbush began marketing a line of humorous photographic cards, similar in creative content to Avanti's well-established brand of humorous, photographic greeting cards or which otherwise utilized Avanti Creative Property (the "Shaggy Dog Cards").

19. On information and belief, in January, 2013, Quackenbush and Leanin'Tree participated together in a trade show in Atlanta, Georgia, as part of a major expansion of a Leanin' Tree/Shaggy Dog Press line of humorous photographic greeting cards, notepads and magnets similar in creative content (either imagery, text or both) to Avanti's well-established brand of humorous, photographic greeting cards or which otherwise utilized Avanti Creative Property, and which were promoted as having been created by Quackenbush and published and marketed by Leanin' Tree.

20. On information and belief, in addition to Leanin'Tree, Quackenbush has contracted with a publisher of calendars and a distributor of greeting cards in Australia to license content which is or may be similar in creative content to Avanti's well-established brand of humorous, photographic greeting cards and other products or which otherwise utilizes Avanti Creative Property.

## COUNT I: COPYRIGHT INFRINGEMENT
## PLAINTIFF'S COPYRIGHTED WORKS

21. Avanti incorporates by reference paragraphs 1-20.

22. Avanti is the owner of the copyright and/or exclusive rights in and to the following published photographic images, which it has published in greeting card form (collectively, "the Infringed Cards"):

 **Avanti 02349, Reg. No. VA-1-362-414**

 Avanti 02555, Reg. No. VA 1-858-302

 Avanti 02417, Reg. No. VA 1-412-904

 Avanti 15760, Reg. No. VA 1-682-518

 Avanti 01634, Reg. No. VA 1-276-901

 Avanti 02259, Reg. No. VA 1-351-492

 Avanti 18234, Reg. No. VA 1-841-702

 Avanti 01640, Reg. No. VA 832-977

23.  Avanti is the owner of the copyright in and to the following unpublished designs:

 **DOG ON EXERCISE BALL (UNPUBLISHED)**, Reg. No. VAu 1-127-220

 **DOG ON TRAMPOLINE (UNPUBLISHED)**, Reg. No. VAu 1-127-219

(collectively, the "**Infringed Designs**" and together with the Infringed Cards, the "**Infringed Works**")

24. Avanti has registered each of the Infringed Works with the United States Copyright Office, in compliance with applicable United States copyright laws and Copyright Office regulations pertaining to registration. Copies of the registrations are attached as **Exhibit 1**[1].

25. Avanti's copyright registrations represent prima facie evidence of the validity of its copyrights and the facts stated in the certificates, including but not limited to ownership or Avanti's ownership of exclusive rights.

## DEFENDANT'S INFRINGEMENT

26. On information and belief, commencing at some unknown date and continuing to the present time, Quackenbush has created, manufactured, produced, published, sold, promoted, and/or advertised, in the United States, greeting cards and/or photographic images ("Infringing Works") and has thereby violated Avanti's exclusive rights in the Infringed Cards and Infringed Designs as provided by 17 U.S.C. §§ 106 and 106A, including but not limited to Avanti's exclusive rights to a) reproduce the Infringed Cards and/or the Infringed Designs, b) prepare derivative works based on the Infringed Cards and/or the Infringed Designs, c) distribute copies of the Infringed Cards and/or the Infringed Designs to the public by sale or other transfer of ownership, d) display the Infringed Cards and/or the Infringed Designs publicly, and e) claim authorship of Infringed Cards and/or the Infringed Designs .

---

[1] The certificate of registration for **Avanti 02555, Reg. No. VA 1-858-302** has not yet been received from the Copyright Office.

27. The Infringing Works are described, and listed in the same order as the Infringed Work they correspond to, as follows:

 Shaggy Dog Card BDG 10920

 Shaggy Dog Card MGR 31316

 Shaggy Dog Cards 2_2003610-P, 1_2003610-P & 2003610P

 Shaggy Dog Card 2003482-P

 Shaggy Dog Card BDG 10924

  Shaggy Dog Card 2_2003345-P, 2003345-P & similar image

  Shaggy Dog Card TKG10949 & similar image

 Shaggy Dog Image of Dog in Football Helmet, 2011

 Shaggy Dog Image of Dog on Exercise Ball, 2012

8

 Shaggy Dog Card FRG 10935[2]

28.     Quackenbush had complete access to virtually all of Avanti's Creative Property, including but not limited to the designs for the Infringed Works, in most cases actually reviewed and approved the design and content of each Infringed Work and in some cases was the creative source of the idea and/or design for the Infringed Work or was the art director for the Infringed Work.

29.     On information and belief, Quackenbush used this access to and knowledge of Avanti's Creative Property, including but not limited to the Infringed Works, to create the Infringing Works.

30.     On information and belief, Quackenbush had actual knowledge of Avanti's copyright to the Infringed Works at the time he developed the Infringing Works, and, despite such knowledge, deliberately and willfully infringed Avanti's copyright in the Infringed Works.

31.     Defendant's actions with regard to the Infringed Works were and continue to be without Avanti's permission, license, or consent, and were willful and intentional.

32.     Defendant's actions with regard to the Infringed Works constitute copyright infringement in violation of 17 U.S.C. § 501.

33.     The alleged acts of infringement complained of herein have all occurred within the statute of limitations period.

34.     As a direct and proximate result of the foregoing, Avanti is entitled to either actual damages or statutory damages for the infringements complained of herein, including costs and reasonable attorneys' fees pursuant to 17 U.S.C. §§ 504 and 505. Moreover, Avanti will continue to be damaged and irreparably injured unless such acts of infringement are preliminarily and permanently enjoined.

## COUNT II: BREACH OF CONTRACT

35.     Avanti incorporates by reference paragraphs 1-34.

---

[2] Side by side comparisons of the Infringed Works and the Infringing Works are set out in **Exhibit 2**.

36. Quackenbush entered into an Employment Agreement ("Employment Agreement") with Avanti on March 9, 1988, a copy of which is in Quackenbush's possession.

37. The Employment Agreement governed Quackenbush's full-time and part-time employment with Avanti from 1987 until November, 2010.

38. Paragraph 6 of the Employment Agreement provides, in pertinent part:

". . . any patents, inventions, copyrightable matters, products, programs, software, concepts or the like that you develop or improve during the time that are you employed by Avanti and that relate in any way to Avanti's present or then business or its contemplated business will be the sole property of Avanti and you agree to promptly disclose and assign them to Avanti. Moreover, you agree not to disclose to others or use yourself (for other than the purposes of your employment at Avanti) any trade secrets or other confidential information that you obtain in the course of your employment with Avanti. Finally, you agree not to compete with Avanti during the time you are employed by it."

39. Quackenbush signed an Independent Contractor Agreement ("IC Agreement") with Avanti on July 13, 2011. A copy of the IC Agreement is in Quackenbush's possession.

40. Section 2 of the IC Agreement states:

"You agree not to disclose to others, or use for your own benefit or the benefit of any other person, whether during a project and afterwards, any confidential or proprietary information or trade secrets of Avanti, and including specifically any information regarding the particular projects on which you are working."

41. Notwithstanding these contractual obligations, and in breach thereof, on information and belief, Quackenbush worked for his own account and with Leanin' Tree and possibly others to create a line of greeting cards and other products that incorporated the Avanti Creative Property.

42. In addition, on information and belief, Quackenbush has used for his own benefit concepts, ideas, designs, styling, elements, texts and other valuable portions of the Avanti Creative Property without Avanti's knowledge or permission and is attempting to license and otherwise commercialize images and other works containing Avanti Creative Property.

43. Avanti has performed all of its obligations under the Employment Agreement and the IC Agreement.

44. Quackenbush's actions constitute a material breach of the Employment Agreement and the IC Agreement and have caused Avanti damage.

## COUNT III: UNFAIR COMPETITION

45. Avanti incorporates by reference paragraphs 1-45.

46. On information and belief, Quackenbush used Avanti's confidential information, in the form of his inside knowledge of Avanti's creative efforts and methods and product development, selection and sales, and used Avanti Creative Property to aid and incorporate in his design of the Infringing Works, to provide creative concepts and designs for the Infringing Works, the Shaggy Dog Cards, and other images and designs Quackenbush is attempting to publish (the "Quackenbush Works") and to avoid blind alleys and false starts in his own development efforts.

47. Quackenbush acted in an unfair and deceptive manner toward Avanti by claiming he had no intention of competing with Avanti in order to retain access to and use Avanti's confidential information and Avanti Creative Property.

48. Quackenbush's use of Avanti's confidential information and Avanti Creative Property was in breach of both the Employment Agreement and IC Agreement.

49. Quackenbush unfairly used this access to avoid creative blind alleys and accelerate his own creative process when creating the Quackenbush Works to compete with Avanti.

50. On information and belief, Quackenbush's use of Avanti's confidential information and Avanti Creative Property expedited and enhanced his efforts to compete with Avanti, and has allowed him to do so while minimizing time and expense in the process.

51. The Quackenbush Works are designed to compete directly with Avanti's cards.

52. Quackenbush has used Avanti's branding and marketing descriptions and techniques to brand and market Quackenbush Works.

53. The Quackenbush Works have reproduced, copied and imitated Avanti's images and cards, Avanti's Creative Property, and Avanti branding and marketing descriptions and techniques.

54. Quackenbush's acts have been committed with bad faith and the intent to cause confusion, or to cause mistake and/or to deceive purchasers and/or potential purchasers, and Quackenbush's acts are likely to cause confusion, mistake and/or deceive purchasers and/or potential purchasers.

55. Avanti has suffered, and if Quackenbush is not enjoined from his wrongful and deceptive acts as described herein, Avanti will continue to suffer, irreparable injury, loss and damage to its rights for which it has no adequate remedy at law.

56. Utilizing his extensive access to and familiarity with Avanti's confidential information and the Avanti Creative Property, Quackenbush is now marketing a line of humorous photographic images for greeting cards and other products that are, in fact, simply derivative of Avanti's confidential information and the Avanti Creative Property.

57. By reason of the foregoing, it is unfair to Avanti to permit Quackenbush to create, develop and license for commercial use humorous photographic images for greeting cards, because unless restrained from doing so, Quackenbush will make use of Avanti confidential information and Avanti Creative Property in creating such photographic images which he does not have the legal right to do.

## COUNT IV: BREACH OF FIDUCIARY DUTY

58. Avanti incorporates by reference paragraphs 1-57.

59. By virtue of his senior management position as Vice President of Creative and Creative Director of Avanti, and his access to the Avanti's Creative Property, confidential information, financial statements and projections, product planning, market penetration efforts, business plans, and know-how, Quackenbush had a fiduciary duty to Avanti.

60. Following his departure from employment with Avanti in 2010 and his assumption of a more limited role as an independent contractor, Quackenbush remained under a continuing fiduciary duty to maintain the confidentiality of Avanti's confidential information and Avanti's Creative Property and to refrain from using Avanti's confidential information and Avanti Creative Property to further his personal interests or those of others who compete with Avanti.

61. Quackenbush's misuse of Avanti's confidential information and Avanti Creative Property and his actions in using such confidential information and Avanti Creative Property to benefit himself and Leanin' Tree by creating the Quackenbush Works breached his fiduciary duty to Avanti.

62. Defendant Quackenbush's breach of fiduciary has caused Avanti damage.

## COUNT V: UNJUST ENRICHMENT

63. Avanti incorporates by reference paragraphs 1-62.

64. By his use of the Avanti Creative Property, Quackenbush has unfairly profited and received a benefit at Avanti's expense without adequately compensating Avanti.

65. Quakenbush was unjustly enriched and continues to be unjustly enriched and Avanti is entitled to restitution in accordance therewith.

66. Inequity will result to Avanti because of Quackenbush's retention of this benefit.

67. Quackenbush's continued use of the Avanti Creative Property has caused and will continue to cause Avanti damage.

68. The value of the Avanti Creative Property wrongfully used by Quackenbush exceeds $75,000.

**WHEREFORE**, Plaintiff Avanti prays for the following relief:

A. That the Court immediately and permanently enjoin Quackenbush and his respective officers, agents, servants, employees, successors, affiliates, assigns, attorneys and all others in concert and privity with him from infringing Avanti's copyrights in the Infringed Works and Infringed Designs and any other greeting cards or photographs in any manner, and from using, publishing, selling, marketing, or otherwise disposing of any of the Infringing Works or any other greeting cards, photographs or other products copied or derived in any way from any of Avanti's copyrighted greeting cards, photographs or images in any future developed works;

B. That the Court award Avanti actual damages and any additional profits of Quakenbush or in the alternative statutory damages as provided by 17 U.S.C. §504;

C. That the Court issue an order pursuant to 17 U.S.C. §503(a) and (b) to Quackenbush impounding and/or ordering the destruction or other reasonable disposition of all materials founds to have been made or used in violation of Avanti's exclusive rights under the Copyright Act, and of all articles by means of which such copies may be reproduced including, but not limited to, all plates, masters, computer files, tapes, films, negatives, or other articles by means of which such materials are or may be reproduced;

D. That the Court enter a preliminary and permanent injunction enjoining and restraining Quackenbush and his officers, agents, servants, employees, successors, affiliates, assigns, attorneys and all others in concert and privity with him from:

    i. using, publishing, selling, marketing, or otherwise disposing of any of the Quackenbush Works or any other greeting cards, images, photographs or other works and products copied or derived in any way from any of the Avanti Creative Property; and

    ii. using or disclosing Avanti confidential information or Avanti Creative Property.

E. That the Court award Avanti such damages as Avanti has sustained as a result of Quackenbush's wrongful conduct;

F. That the Court award Avanti the costs of this action and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

G. That the Court award Avanti both prejudgment and post-judgment interest on each and every award; and

H. That the Court award such other and further relief as the Court deems just and proper.

Dated: 5-15-13                    Respectfully submitted:

Safford & Baker, PLLC

*Ralph R. Safford*

Ralph R. Safford (P24633)
Counsel for Plaintiff